**Irene (Palo) DONAHAY**

v.

**Berry L. YEAW, in His Capacity as Director of Finance/Town Treasurer of the Town of Coventry, John Doe, Richard Roe and Jane Doe, in Their Capacity as Members of the Pension Committee of the Pension Fund of the Police Retirement Plan, and Other Defendants Presently Unknown.**

No. 97–375–Appeal.

Supreme Court of Rhode Island.

June 4, 1998.

Arnold N. Montaquila, Providence.

Michael DeSisto, Providence.

### ORDER

This case is here on the appeal of the plaintiff, Irene (Palo) Donahay, from a Superior Court judgment in favor of the defendants. Following consideration of the parties' memoranda and discussion with counsel for the parties at a prebriefing conference, this case was assigned to the full court at a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. This Court has now carefully reviewed the record including the arguments made by the parties in their supplemental memoranda, and we proceed to decide this matter without further briefing and argument.

In this case plaintiff filed a complaint seeking a declaratory judgment that she was entitled to lifetime pension benefits as a widow of the chief of police of the town of Coventry, irrespective of her remarriage. It was plaintiff's contention that she relied, to her detriment, on various documents and communications indicating that she would continue to receive pension benefits for live, even upon remarriage. The case was tried before a justice of the Superior Court, without the intervention of a jury. Following the trial, the trial justice concluded that plaintiff was not entitled to relief. The trial justice found that the express language contained within the pension plan "clearly and unequivocally indicates that by reason of Plaintiff's remarriage, she is no longer eligible for benefits under the Plan." We agree.

The plaintiff also challenges the trial justice's findings by asserting that the police pension committee that terminated her benefits was not properly constituted. The trial justice found that based upon the clear language of the plan, approval by the pension committee would amount to a purely ministerial act. We agree.

This Court's review of the findings of a trial justice sitting without the intervention of a jury is extremely deferential. *Clark–Fitzpatrick Inc./Franki Foundation Co. v.*

*Gill,* 652 A.2d 440, 443 (R.I.1994). We will not disturb such findings unless it is shown that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong.

After a careful review of the record in this case, we conclude that the trial justice's findings were correct and supported by the evidence. For the foregoing reasons, the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers may be remanded to the Superior Court.